By the Court,
McCunn, J.
I fully concur in the rúling of the judge, at the trial. My view of the case is that both of the objections taken by the plaintiff to the introduction of the notice, are valid objections, and go to defeat the defendant’s entire case.
Where a statute, in effect, strips an individual of his property or title, or which in any way affects the same, its requirements must be strictly complied with to enable parties purchasing to acquire a title. Moreover, the requirements of the statute are the very conditions upon which the owner is divested of his title and property ; and it does not lie with the court to consider whether the statute was reasonable, or whether the notice in this case nearly complied with the act ; but whether the provisions of the statute have been literally pursued, and strictly complied with. The two cases, (Culver v. Hayden, 1 Ver. R. 359, and cases therein cited; Spear v. Ditty, 9 id. R. 282,) cited in the plaintiff’s points establish this view.
The requisitions of the law are the substantial parts of the title, and cannot in the slightest degree he dispensed with. Sales of property, similar to the one in question, are invariably • attended with great hardships to the owners of such lands, and purchasers at such sales, purchase therefor' at their peril. They calculate on great profits from small investments, and it behooves them to see that the proceedings, under which they claim title, have been strictly complied with.
These sales for taxes and assessments, are a mode of transferring title by operation of law, without the consent or sane *156 tion of the owner, and are in the nature of a forfeiture, and all the conditions being conditions precedent must be literally-, followed.
The authorities cited by the defendant do not apply to this case.
In my view, the form of the notice did not comply with the language of the statute, and was clearly irregular and insufficient, and consequently void. I am also of opinion, that to make these sales valid, and binding on the parties against whom they are intended to operate, the corporation should, at the end of each and every year, designate by ordinance the proper newspapers for such publications.
Judgment affirmed.