In the matter of Smith.

alone would not be sufficient, the order will be sustained. (*Brady* v. *Bissell*, 1 *Abb.* 76, *Hoffman, J.*, and *Turner* v. *Thompson*, 2 *id.* 444, *Davies, J.*) These cases have not been overruled. The order of arrest was granted on the complaint, agreement and affidavit before the judge at the time.

[FIRST DEPARTMENT GENERAL TERM, at New York, May 5, 1873. *Ingraham, Brady* and *Davis*, Justices.]

———•••———

## IN THE MATTER of the petition of ADDISON SMITH and others to vacate assessments.

It *seems* that under section 20, chapter 137, of the laws of 1870, which provides that no resolution or ordinance of the common council of the city of New York, levying an assessment, shall be voted upon, in either board, until after notice shall have been published three days, such publication need not be in all the daily and weekly papers provided for by the act of 1870, chapter 383; but some publication must be made for three days.

Conceding, however, that the statute requires a publication in seven daily and six weekly papers, and that the clerk has no discretion to lessen the number,

In the Matter of Smith.

then it would be obligatory on persons applying to vacate an assessment, to show that such publication was not made.

The acts of 1857 and 1868 were repealed by the act of 1870, chapter 383, providing for the designation by the mayor and comptroller, of seven daily and six weekly newspapers, in which all ordinances involving assessments should be published, and no obligation to publish in papers designated under the latter acts remained. They ceased to be laws, and nothing was left but a direction to publish in papers to be designated by the mayor and comptroller.

Under all the laws, the provision for designating papers was merely directory; and while the neglect to discharge a duty, in obedience to law, exposed those charged with the duty to punishment, yet it did not render the proceedings of the common council, on that account, void for want of publication.

APPEAL from an order made at a Special Term, vacating an assessment.

*By the Court*, INGRAHAM, P. J. The provisions of the act of 1857, chapter 446, which required the publication of all ordinances involving assessments to be published at least two days in all the papers employed by the corporation, was modified by the act of 1870, chapter 383, which provided for the designation of seven daily and six weekly newspapers, in which proceedings should be published; and that act also provided that such proceedings shall be published in not more than seven daily and six weekly papers. This modification renders it unnecessary to publish proceedings in all the papers selected for that purpose, if they exceed the above number.

The 20th section of chapter 137 of laws of 1870 provides that no resolution or ordinance levying an assessment shall be voted upon, in either board, until after notice shall have been published three days.

We are inclined to the opinion that this publication need not be in all the daily and weekly papers provided for by the act of 1870, chapter 383, but that some publication must be made for three days. Conceding, however, that the statute requires a publication in seven daily and six weekly papers, and that the clerks had

In the matter of Smith.

no discretion to lessen the number, then it would be obligatory on the petitioners to show that such publication was not made. This they claim to have done by proof that the same was not published in the *Leader*.

The *Leader* was one of the papers designated under the act of 1868. No papers were designated under the acts of 1870 prior to the passage of this ordinance.

The acts of 1857 and 1868 were repealed by the act of 1870. No obligation remained to publish in papers designated under those acts. They had ceased to be laws, and nothing remained but a direction to publish in papers to be designated by the mayor and comptroller. This had not been done by those officers when this ordinance was passed.

I am not willing to admit that either of these officers, by refusing or neglecting to discharge the duty imposed by the statute, could thereby suspend all the business of the common council. On the contrary, until such designation is made, it was impossible to comply with that provision which directed the publication. Such provisions as to the mayor and comptroller were only directory. If not complied with, there was no obligation to publish, and until the papers were designated, the clerk was not required so to do.

The petitioner in this case rests upon proof that no designation was made under the act of 1870, and no publication was made in the *Leader* which was designated under the act of 1868. This evidence was not enough. The *Leader* clearly was a paper in which there was no obligation to publish. The act under which it had been designated was repealed. To what extent the publication was made is not shown. Nor was it necessary to the validity of the proceedings that any such publication should be shown, until proof of such designation was made.

The case of *Adriance* v. *McCafferty*, (2 *Rob.* 153,) is relied on as holding a contrary doctrine. If that case

can be sustained to the extent to which it goes, the facts relied on there are different from the present one. There the power to designate was vested in the common council, and they could have discharged that duty at any time. Their neglect to do so was a willful disregard of duty, of which they could not avail themselves to excuse their advertising.

I am, however, inclined to the opinion that under all the laws, the provision for designating papers was merely directory, and while the neglect to discharge a duty in obedience to law exposed those charged with the duty to punishment, yet that it did not render the proceedings of the common council, on that account, void for want of publication.

The order appealed from should be reversed.

[First Department, General Term, at New York, January 6, 1873. *Ingraham, Brady* and *Learned,* Justices.]